UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH R. WHITE,

      Plaintiff,

      v.

U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF11 MASTER PARTICIPATION
TRUST,

      Defendant.

No. 1:25-CV-05698

Judge Edmond E. Chang

## ORDER

U.S. Bank Trust, as the Trustee for LSF11 Master Participation Trust, fore-closed on Deborah White's mortgage in state court. *See* R. 7-6, Def.'s Exh. 6, Sum-mary-Judgment Order.[1] White then sued U.S. Bank in state court for alleged viola-tions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; common law fraud; and intentional infliction of emotional distress arising from the foreclosure. R. 1-1, Notice of Removal Exh. 1, Compl. ¶¶ 10–12.[2] U.S. Bank removed the case to federal court, R. 1, Notice of Removal, and now moves to dismiss under Civil Rule 12(b)(6), R. 7, Def.'s Mot. White did not respond to the motion.

U.S. Bank argues that claim preclusion bars White's claims. Def.'s Mot. at 5–6. Although claim preclusion is an affirmative defense, it is a proper basis for dismis-sal when the plaintiff pleads facts in the complaint that raise the defense. *Muham-mad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Because an Illinois state court

---

[1]The Court takes judicial notice of the state-court orders in the foreclosure case be-cause they are public court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2]This Court has subject matter jurisdiction over the federal law claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

rendered the judgment in the foreclosure case, *see* Summary-Judgment Order, "this Court must apply Illinois preclusion law to determine whether res judicata bars [White's] claims," *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir. 1997). "In Illinois, res judicata extends to all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Id.* at 956.

Claim preclusion applies if three elements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Whitaker*, 129 F.3d at 955 (cleaned up). To determine whether there is an identical cause of action, Illinois courts use the "transactional test," which "provides that the assertion of different kinds or theories of relief still constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief." *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001).

All three elements are met here. "First, there was a final judgment on the merits in state court when the court confirmed the foreclosure sale." *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 944 (N.D. Ill. 2005); *see* R. 7-7, Def.'s Exh. 7, Sale Order. Second, "[e]ach of [White's] legal theories arises from the same transaction: the foreclosure of [White's] mortgage." *Byrd*, 407 F. Supp. 2d at 945 (holding that there was an identity of causes of action between the current suit and state foreclosure suit because plaintiff's Federal Debt Collection Practices Act and state law deception claims were based on the defendant's foreclosure on plaintiff's mortgage); *see also* Compl. ¶¶ 10–12 (alleging that U.S. Bank violated federal and state law by foreclosing on White's mortgage). Third, White and U.S. Bank were both parties in the state case. *See* Summary-Judgment Order.

Because claim preclusion clearly bars White's claims, any amendment would be futile, so her claims are dismissed with prejudice. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Plus, White did not respond to the

dismissal motion, so she does not offer any reason to think that an amendment would result in a viable claim. Final judgment shall be entered.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: March 29, 2026

3